## ROSIE MYRTLE HANSEN v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

November 16, 1923.

No. 23,534.

**Probability of insanity because of injury should have been taken from jury.**
1. There was no evidence that injuries sustained by the plaintiff, a passenger on a car of the defendant, had resulted or would result in epilepsy or insanity. The attempted proof of such results failed. A suggestion of their possibility was made prominent in the trial and was carried to the jury in the argument of counsel. It was error to deny defendant's motion to take from the jury such elements of damage.

**Error to allow jury to award damages for lost earnings and value of plaintiff's board.**
2. The plaintiff worked at a stated salary and boarded and lived at home. The jury was permitted by the charge to award her as special damages the value of her lost time, measured by her earnings, and in addition the value of her board and lodging during the time for which she recovered for lost earnings. It was error to allow the value of board and lodging in addition to earnings.

[1]Reported in 195 N. W. 777.

Action in the district court for Hennepin county to recover $28,-500. The case was tried before Nye, J., and a jury which returned a verdict for $20,000. From an order denying its motion for a new trial, defendant appealed. Reversed.

*Ralph T. Boardman, John F. Dulebohn* and *W. D. Dwyer*, for appellant.

*A. A. Tenner*, for respondent.

DIBELL, J.

Action for personal injuries. There was a verdict for the plaintiff. The defendant appeals from an order denying its motion for a new trial.

1. The plaintiff, a young woman of 22, was injured while a passenger on a car of the defendant. At the trial the defendant conceded liability. The only issue tried was that of the amount of damages. The verdict was for $20,000.

The plaintiff's skull was fractured. There was evidence of nerve and brain injury, and of a bad mental condition existing at the time of the trial which would continue in the future for a time or indefinitely or permanently. Other evidence indicated a less serious condition. There was an effort to prove that the injury would result in epilepsy, or in insanity, or that it had so resulted. The proof failed. The experts for the plaintiff declined to forecast such results even in terms of probability. They negatived them. The suggestion that such might be the result featured the case. Counsel for the plaintiff, in his argument to the jury, continued the suggestion. He should not have done so. At its close, and as the jury was to be charged, the defendant moved the court to "take from the jury the question of present or future insanity, and present or future epilepsy, on the ground that there is no evidence of such condition in this case." The motion was denied. The denial was error. There was no proof of epilepsy or insanity existing at the time, or to result in the future from the injury, under the rule of proof applicable. This is conceded. With actual or possible epilepsy and insanity put so prominently before the jury in a trial of some 9 days, a quite long enough time for a jury investigation of the single issue, the

court should have eliminated them as items of damage.   We are not criticising the amount of the award.   The injuries were substantial and might have been found very extensive and severe.   The amount was in the first instance for the jury.   It should have been determined, however, without a consideration of the constantly suggested items of epilepsy and insanity, and the court should have informed the jury so.

2.   The plaintiff was employed in telephone service.   She received a stated salary, and boarded and lodged at home.   She was allowed to recover special damages for lost time on the basis of earnings. The jury was told that in addition she was entitled to the reasonable value of her board and lodging when she was at home after her injury, that is, for the time when she lost her earnings.   This was error.   It would be corrected by a conditional reduction but for the error first discussed.

Order reversed.